```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
```

GLENN LEVY, *individually and derivatively on behalf of TRADE SHOW FABRICATIONS, INC.*,

                    Plaintiff,

    -against-

RONALD SUISSA, AMY SUISSA, TRADE SHOW FABRICATIONS, INC., AIK CONSULTANTS CORP., et al.

                    Defendants.

**ORDER**
16-CV-2532-EK-ARL

```
--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

       This case, initiated in May 2016, arises from claims that defendants Ronald Suissa, Amy Suissa, and AIK Consultants Corp. (AIK) misappropriated and embezzled the assets of Trade Show Fabrications, Inc. (TSF).  Plaintiff Glenn Levy co-owned TSF with Ronald Suissa until its failure in 2012; thereafter, the Suissas formed and operated AIK without him.  At a conference on July 28, 2020, multiple parties leveled conflict-of-interest allegations at other parties' counsel.  At the Court's request, the parties submitted letters laying out their allegations in greater detail, which the Court now construes as motions to disqualify.  The following motions are pending:

***Motion to Disqualify Daniel Lyons, Esq.*** Plaintiff Levy moves to disqualify Daniel Lyons, counsel for defendants Ronald and Amy Suissa, pursuant to New York Rules of Professional Conduct 1.9 ("Duties to Former Clients") and 1.10 ("Imputation of Conflicts of Interest"). Pl.'s Letter at 1-2, ECF No. 104. Plaintiff claims that he was previously represented by another lawyer at Mr. Lyons's firm (Westerman Ball Ederer Miller Zucker & Sharfstein, LLP) and that he did not consent to the firm's representation of the Suissas in this action. *Id.* Plaintiff does not claim to have signed an engagement letter with Mr. Lyons's firm, and Mr. Lyons denies one ever existed. *See* Def. Suissas' Letter at 1, ECF No. 106. Even if an attorney-client relationship did exist, however, the Court finds that Levy has waived this claim. "It is well settled in this Circuit that [a] motion to disqualify . . . should be made within a reasonable time of discovering a possible conflict of interest, or a waiver will be presumed." *Anderson v. City of New York*, No. 16-CV-2583, 2017 WL 4382163, at *4 (S.D.N.Y. Sept. 29, 2017) (internal quotations omitted); *see also Secured Worldwide, LLC v. Kinner*, No. 15-CV-1761, 2015 WL 4111325, at *6 (S.D.N.Y. June 24, 2015) (finding waiver where moving party "knew all of the facts relating to the bases that he has alleged for disqualification, but sat on those rights"). Mr. Lyons has represented the Suissas in this action since at

2

least July 2016, and Levy raised no objection until the status conference on July 28, 2020. Accordingly, this motion is DENIED.

***Motion to Disqualify Marcy Baron, Esq.*** Next, defendant AIK moves to disqualify Marcy Baron, counsel for plaintiff Levy, pursuant to Rule 3.7 ("Lawyer as Witness") of the New York Rules, because he claims she is a "necessary witness" to the events in question. Def. AIK's Letter at 2, ECF No. 105. This claim stems from relationships Ms. Baron had with both TSF and Mr. Suissa before the time period at issue. Ms. Baron was in a romantic relationship with Mr. Suissa between approximately 1992 and January 2008. Pl.'s Letter at 3-4. She also worked as a lawyer for TSF "for a number of years" until she was terminated in June 2008. *Id.* at 4. After these relationships ended, Ms. Baron filed suit against Mr. Suissa in 2010, "claiming to be his common law wife," and in the course of that litigation she testified to having "worked on collection matters [and] handled personal credit issues" for Mr. Suissa. Def. AIK's Letter at 2. She also "handled . . . banking and credit problems" for certain of Suissa's business interests. *Id.* Ms. Baron testified that she held a TSF American Express credit card for business use, which she used to fund her Westlaw account. *Id*.

3

Despite these allegations, the Court finds that AIK has not met the high burden to disqualify counsel under the "Lawyer as Witness" rule. A party seeking disqualification "must demonstrate that the testimony of the attorney subject to disqualification is both necessary and substantially likely to be prejudicial." *Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005). "The testimony of an attorney at trial is considered prejudicial if it is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the client might have an interest in the lawyer's independence in discrediting the testimony." *Id.* (internal quotations omitted). In such motions, the movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (alteration in original). "Because courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions under the witness-advocate rule." *Id.* (internal quotations omitted).

AIK's allegations take the form of broad generalities: Ms. Baron "worked on collection matters," "handled" Mr. Suissa's personal and business-related credit issues, and carried a TSF

4

credit card. AIK does not, however, shed light on what Ms. Baron might testify about as to any specific malfeasance, or whether other sources of this testimony exist. Nor does AIK plausibly allege that Ms. Baron has any first-hand knowledge concerning the key time period in the complaint, given that the disputed events, apart from those concerning Mr. Levy's boat, are alleged to have taken place after 2008. AIK does not even indicate which party would seek to call Ms. Baron as a witness. Accordingly, this motion is DENIED.

*Motion to Disqualify Steven Legum, Esq.* Finally, plaintiff Levy alleges that Steven Legum, counsel for defendant AIK, should also be disqualified under the "Lawyer as Witness" rule. Pl.'s Letter at 6-7. As noted above, Levy alleges that the Suissas looted assets from TSF. *See, e.g.*, Compl. ¶¶ 16-19, ECF No. 68. One mechanism by which Mr. Suissa did so, according to Plaintiff, is by paying his personal legal fees out of corporate coffers, including to Mr. Legum. Pl.'s Letter at 6-7; *see also* Compl. ¶ 22. In support, Plaintiff refers to testimony from Mr. Suissa's deposition in October 2019, at which he allegedly stated that he may have used company funds to pay Mr. Legum for personal legal work, and that Mr. Legum decided whether those expenses were classified as business or personal on the "corporate ledger." Pl.'s Letter at 7. Plaintiff also claims that Mr. Legum would know whether the Suissas used TSF

5

funds for personal expenses, such as Ms. Suissa's mortgage payment.  *Id.* at 6; *see also* Compl. ¶ 29.  In response to these allegations, Mr. Legum claims that his firm does not keep copies of clients' payment checks and that he has no recollection as to the source of payments, but that he could "probably [] produce copies of the bills."  Def. AIK's Letter at 1.  The Court refers plaintiff Levy's motion to disqualify Mr. Legum to Magistrate Judge Arlene R. Lindsay for decision.

In sum, plaintiff Levy's motion to disqualify attorney Lyons is denied, as is AIK's motion to disqualify attorney Baron.  The Court respectfully refers plaintiff Levy's motion to disqualify attorney Legum to Magistrate Judge Arlene R. Lindsay for decision.

SO ORDERED.

    /s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:   December 11, 2020
         Brooklyn, New York